UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHARYN PENSMITH, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 1:20−cv−03319−DKC |
| | : | |
| Maryland CVS Pharmacy, LLC, | : | JUDGE: Deborah K. Chasanow |
| | : | |
| Defendant. | : | |
| | : | |

## ANSWER

Defendant Maryland CVS Pharmacy, LLC (hereinafter referred to as the "Defendant"), by and through undersigned counsel, hereby answers the Plaintiff's Amended Complaint, as set forth below:

1.     Defendant is without knowledge of the truth or falsity of the statements contained in Paragraph 1 of the Amended Complaint.  To the extent necessary, upon information and belief, the statements are admitted.

2.     Defendant admits only that Maryland CVS Pharmacy, LLC, is a limited liability company duly authorized to do business in the State of Maryland, and that it operates a retail pharmacy located at 2601 Riva Road, Annapolis, Maryland, in Anne Arundel County. Defendant denies all other allegations contained in Paragraph 2 of the Amended Complaint.

3.      Defendant admits that Maryland CVS Pharmacy, LLC, operates a retail pharmacy located at 2601 Riva Road, Annapolis, Maryland.

## FACTS

4.	Defendant is without knowledge of the truth or falsity of the allegations contained in Paragraph 4 of the Amended Complaint.  To the extent necessary, the allegations are denied and strict proof is demanded.

## COUNT I – NEGLIGENCE OF THE DEFENDANT

5.	Paragraph 5 of the Amended Complaint is an incorporating Paragraph that requires neither admission nor denial.

6.	The allegations contained in Paragraph 6 of the Amended Complaint are legal conclusions to which no response is required.  To the extent necessary, the allegations are denied and strict proof is demanded.

7.	The allegations contained in Paragraphs 7(a) through 7(i) of the Amended Complaint are legal conclusions to which no response is required.  To the extent necessary, the allegations are denied and strict proof is demanded.

8.	The allegations contained in Paragraph 8(a) through 8(f) of the Amended Complaint are legal conclusions to which no response is required.  To the extent necessary, the allegations are denied and strict proof is demanded.

9.	The allegations contained in Paragraph 9 of the Amended Complaint are legal conclusions to which no response is required.  To the extent necessary, the allegations are denied and strict proof is demanded.

10.	The allegations contained in Paragraph 10 of the Amended Complaint are legal conclusions to which no response is required.  To the extent necessary, the allegations are denied and strict proof is demanded.

11. Defendant is without knowledge of the truth or falsity of the allegations contained in Paragraph 11 of the Amended Complaint. To the extent necessary, the allegations are denied and strict proof is demanded.

12. In response to the unnumbered paragraph of Plaintiff's Amended Complaint beginning with "WHEREFORE," Defendant categorically denies that Plaintiff is entitled to any relief, including, but not limited to, the demands made in this paragraph. It is specifically denied that Plaintiff has pled or shown any set of facts that would, or might, entitle Plaintiff to an award of damages in any amount, or for any other relief against Defendant. Defendant reserves its right to move the Court to amend its Answer should the discovery process or evidence so dictate. Any allegation contained within an introductory paragraph, heading, and/or ad damnum clause is denied. All allegations pertaining to Defendant contained in Plaintiff's Amended Complaint which are not hereto admitted or denied are now generally, and to the same effect as if specifically, denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff is barred from recovery in this action on the basis of assumption of the risk.

3. Plaintiff is barred from recovery in this action on the basis of contributory negligence.

4. Plaintiff is barred from recovery in this action on the basis of estoppel.

5. Plaintiff is barred from recovery in this action by release.

#3670917v.2

6. Plaintiff is barred from recovery in this action by waiver.

7. Plaintiff is barred from recovery in this action by payment.

8. This cause of action is barred in whole or in part by the applicable statute of limitations and/or repose.

9. Any award for non-economic damages may not exceed the limitations contained in Maryland Courts & Judicial Proceedings Code Ann. § 11-108.

10. Any claimed injuries or damages were caused by a pre-existing medical condition, disease, or illness of Plaintiff, and were not due to or caused by any alleged fault, lack of care, breach of duty, or negligence on the part of Defendant.

11. The alleged wrongful acts of Defendant were not the proximate cause of the alleged injuries to Plaintiff.

12. Plaintiff failed to mitigate her damages and is therefore barred from all or some of the damages prayed.

13. The alleged injuries of Plaintiff, if proven, were the result of superseding and/or intervening causes.

14. The injuries and damages allegedly sustained by the Plaintiff in this case are, or may be attributable to, the actions of persons or entities other than the Defendant.

15. Some or all of Plaintiff's claims are barred by the failure to join a necessary party.

16. Defendant denies that it is vicariously liable for the alleged acts or omissions of others.

#3670917v.2

17. All other matters constituting an avoidance or affirmative defense as now known to Defendant, or as may be discovered at any time, up to and including at any hearing or trial in this matter.

WHEREFORE, Maryland CVS Pharmacy, LLC, respectfully requests that this Court enter an Order dismissing all claims for relief prayed against it in the Amended Complaint, and for such other and further relief as justice may require.

Respectfully submitted,

/s/
Diane V. D'Aiutolo, 02341
Cori B. Schreider, 21047
TYDINGS & ROSENBERG LLP
1 East Pratt Street, Suite 901
Baltimore, MD 21202
Telephone: (410) 752-9700
ddaiutolo@tydings.com
cschreider@tydings.com

*Attorneys for Defendant, Maryland CVS Pharmacy, LLC*

## DEMAND FOR JURY TRIAL

The Defendant hereby demands a jury trial.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of November, 2020, the foregoing was served via the court's electronic filing system on:

>Susan C. Trimble, Esquire
>The Law Office of Susan C. Trimble, LLC
>P.O. Box 4425
>Annapolis, Maryland 21403
>
>*Attorney for Plaintiff*

_____/s/_____
Cori B. Schreider, 21047
